**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

RECEIVED

| | | |
|---|---|---|
| CYNTHIA QUINNIE | ) | 2007 APR 11  A 11: 32 |
| | ) | |
| Plaintiff, | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| v. | ) | CASE NO. 12302 A1106 STRICT ALA |
| | ) | 2:07-cv- 314-WHA |
| DIALYSIS CLINIC, INC., | ) | |
| | ) | |
| Defendant, | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Cynthia Quinnie (hereinafter referred to as Quinnie), and alleges the following against the Defendant:

### PARTIES

1)    Quinnie, is over the age of eighteen (18) and is a resident of Montgomery County, AL.

2)    The Defendant Dialysis Clinic, Inc. (hereinafter referred to as "D.C.I.") is a corporation organized under the laws of Tennessee, qualified to do business in Alabama, with its principle place of business being located in Tennessee, at 1633 Church Street, Suite 500, Nashville, Tennessee.

### VENUE AND JURISDICTION

3)    This action is brought pursuant to 28 U.S.C. § 1343(a)(3-4) and 42 U.S.C. § 2000(e)(1-15). The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and Due Process clauses of the Fifth and Fourteenth Amendment of the United States Constitution.

4)    Jurisdiction for this action exists under 28 U.S.C. § 1331, 28 U.S.C. §

1343(a)(3-4), and 42 U.S.C. § 2000(e)(1-15).

5)    Venue for this action is proper pursuant to 28 U.S.C. § 1391 and 28 U.S.C.

§ 1343(a)(3-4).

## FACTS

6)    Quinnie is an eighteen year old African-American female who worked for

the D.C.I. in Montgomery, AL until the incident that is the basis of this suit.

7)    On or about August 3, 2006, Quinnie asked D.C.I. management to see her

personnel file.  Quinnie was told she could not see her personnel file by D.C.I.

management.  This is against the policies and procedures of D.C.I.

8)    On or about August 7, 2006, Quinnie asked D.C.I. management a second

time to see her personnel file, and was denied access again.  Quinnie was placed on

administrative leave without pay on August 7, 2006 because she was an African

American Female.

9)    In the last four years every African American who asks to see their

personnel file has been put on leave or fired, while Caucasian employees are allowed to

look at their files without fear of being fired or placed on leave without pay.

10)    D.C.I. has created a racially hostile work environment. African American

employees are strictly held to policy and procedures of Dialysis Clinic, Inc., while

Caucasian employees are allowed to violate rules, policies and Procedures repeatedly

without penalty.

11)    Dialysis Clinic, Inc. has repeatedly refused to rehire former African

American employees while steadily rehiring Caucasian employees.

12)    Dialysis Clinic, Inc. has a policy of not hiring people who are related to present employees, however they have disregarded this policy on two occasions with Caucasian employees while never relaxing policy and procedures for African Americans.

13)    Dialysis Clinic, Inc. has repeatedly fired African American employees for whistle blowing on Caucasian employees but never fires Caucasian employees for whistle blowing on African American employees.

14)    Several nurses at Dialysis Clinic, Inc. have made racial slurs on the job during wok hours without penalty.  All complaints in this regard are summarily dismissed.

15)    Plaintiff, Quinee, has received a right to sue letter from the EEOC dated January 11, 2007.

## CAUSE OF ACTION

16)    The foregoing paragraphs 1 thru 15 are incorporated by references as if fully stated herein.

17)    Quinnie's dismissal was in violation of the Equal Employment Opportunity Act, also know as Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e(2)(m), *et seq.*, and guidelines promulgated thereunder.

18)    WHEREFORE, premises considered, Langford seeks relief as the jury deems appropriate, including compensatory damages, reasonable attorney's fees and cost.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff, Quinnie, respectfully prays that this Court:

(a)    Assume jurisdiction over this action;

(b)    Empanel a jury to decide such triable issues as may exist in this case;

(c)    Grant to Plaintiff such relief to which it is entitled;

(d)    Make such award of costs, attorney's fees and expenses as may be

       permitted by law or equity.


Respectfully submitted this 10TH day of APRIL, 2007.

                                        Jackson B. Harrison (HAR285)
                                        Attorney for Plaintiff


**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                        Of Counsel


OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax