IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA QUINNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: 2:07-CV-314-WHA |
| v. ) | |
| ) | |
| DIALYSIS CLINIC, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Dialysis Clinic, Inc., for answer to the complaint filed against it, hereby asserts affirmative defenses and its averments in response to the specific allegations as follows:

### FIRST AFFIRMATIVE DEFENSE:

The Complaint in whole or in part, fails to state a cause of action against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

At all times, Defendant acted in good faith and in accordance with legitimate business practices.

### THIRD AFFIRMATIVE DEFENSE:

Plaintiff's attempted recovery is barred, in whole or in part, because upon information and belief, Plaintiff has failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE:

Defendant has implemented effective remedial actions to prevent and correct any unlawful harassment in the workplace, and Plaintiff failed to take advantage of these remedial measures by Defendant.

## FIFTH AFFIRMATIVE DEFENSE:

(ANSWER TO SPECIFIC ALLEGATIONS)

Defendant Dialysis Clinic, Inc. ("DCI") for answer to the specific allegations of the Complaint, states as follows:

1.  Defendant admits the allegations of Paragraph 1 of the Complaint upon information and belief.

2.  Defendant admits the allegations of Paragraph 2 of the Complaint.

3.  Defendant denies that Plaintiff is entitled to relief under the statutes set forth in the allegations of Paragraph 3 of the Complaint.

4.  Defendant admits that jurisdiction is proper in this Court, but denies that Plaintiff is entitled to any relief.

5.  Defendant admits that venue is proper in this Court, but denies that Plaintiff is entitled to any relief.

6.  Defendant admits that Plaintiff is an African-American female employed by DCI in Montgomery, Alabama. The remaining allegations in Paragraph 6 of the Complaint that are inconsistent with the foregoing are denied.

7.  DCI admits that on August 4, 2006, Plaintiff asked to see her personnel file. The remaining allegations of Paragraph 7 that are inconsistent with the foregoing are denied.

8. Defendant admits that Plaintiff asked to see her personnel file on August 7, 2006. Defendant admits that Plaintiff was placed on administrative leave without pay on August 7, 2006. The remaining allegations of Paragraph 8 of the Complaint that are inconsistent that are with the foregoing are denied.

9. Defendant denies that it implements policies and procedures more or less strictly towards any employee because of race. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies that it generally refuses to rehire former African-American employees while steadily re-hiring Caucasian employees. Defendant is without sufficient information to either admit or deny the specific allegations, implied or explicit, of Paragraph 11 of the Complaint.

12. Defendant admits that it has a policy discouraging the hiring of members of immediate family at the same clinic. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 12 of the Complaint.

13. Defendant denies the general allegation that it terminates African-American employees for whistle blowing on Caucasian employees, but never fires Caucasian employees for whistle blowing on African-American employees. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant denies that any complaints related to racial slurs on the job are summarily dismissed. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 14 of the Complaint.

15. Defendant admits the allegations of Paragraph 15 of the Complaint upon information and belief.

16. Defendant incorporates by reference its responses to all proceeding Paragraphs of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint. Defendant denies that Plaintiff is entitled to the relief sought.

19. All allegations not heretofore admitted or denied are hereby denied as if set forth fully herein.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed in its entirety and to be awarded its costs incurred in the defense of this matter.

DATED this 7th day of May, 2007.

Respectfully submitted,

/s/Henry C. Barnett, Jr.
HENRY C. BARNETT, JR. (BAR037)

*ATTORNEY FOR DEFENDANT*

**OF COUNSEL:**
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL  36102
Telephone:  (334) 241-8059
Facsimile:   (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117

/s/Henry C. Barnett, Jr.
OF COUNSEL