UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 MAY 29 P 2: 40

| | |
|---|---|
| CYNTHIA QUINNIE, </br></br>Plaintiff, </br></br>v. </br></br>DIALYSIS CLINIC, INC., </br></br>Defendant, | CASE NO. 12302 AT 06 </br>2:07-CV-314-WHA |

## REPORT OF PARTIES' PLANNING MEETING

1. **Appearances**. Under Federal Rule of Civil Procedure 26(f), a meeting was held on May 24, 2007 by telephone and was attended by:

    Brett Harrison,
    The Harrison Firm, LLC
    Attorney for Plaintiff Cynthia Quinnie

    AND

    Leslie G. Sanders,
    Bass, Berry & Sims, PLC,
    Attorney for Defendant Dialysis Clinic, Inc.

2. **Pre-Discovery Disclosures**. The parties will exchange by July 2, 2007 the information required by Federal Rules of Civil Procedure 26(a)(1).

3. **Discovery Plan**. The parties jointly propose to the court the following discovery plan:

    a. Discovery will be needed on the following subjects:

       i. All information pertaining to Plaintiff's claims, specifically including Plaintiff's claim that she was subject to unlawful harassment and termination based on her race and her sex.

       ii. All information pertaining to Plaintiff's alleged damages.

       iii. All information pertaining to Defendant's defenses, specifically including Defendant's assertion that Plaintiff was discharged for a legitimate business reason.

      iv.    Facts known to other persons believed to have discoverable information relevant to the claims and defenses of the parties.

      v.    Facts relating to affirmative defenses, specifically including:

          1. Plaintiff's efforts, if any, to mitigate the damages she claims to have suffered because of her discharge; and

          2. Defendant's effective implementation of remedial procedures to correct and prevent any unlawful harassment and Plaintiff's efforts to take advantage of such remedial procedures.

b.    All discovery will be completed by January 7, 2008.

c.    In accordance with Fed. R. Civ. P. 33, there will be a maximum of twenty-five (25) interrogatories including subparts by each party to any other party, with responses due thirty (30) days after service.

d.    There will be a maximum of twenty-five (25) requests for admission from each party to any other party, with responses due thirty (30) days after service.

e.    There will be a maximum of thirty (30) requests for production by each party to any other party, with responses due thirty (30) days after service.

f.    The parties agree that no more than seven (7) depositions may be taken by a party without leave of the court or agreement of the parties.

g.    Reports from retained experts under Rule 26(a)(2) will be due:

      i. From Plaintiff by September 10, 2007;

      ii. From Defendant by October 10, 2007.

h.    All disclosures will be timely supplemented under Fed. R. Civ. P. 26(e).

4.    **Other items**.

    a. <u>Scheduling Conference</u>. The parties do not request a conference with the court before entry of a scheduling order.

    b.   <u>Pretrial Conference</u>. The parties request a pretrial conference on or about June 19, 2008.

    c.   <u>Additional Parties, Claims, and Defenses</u>.

        i.   Plaintiff should be allowed until August 6, 2007 to join additional parties and to amend the pleadings.

        ii.   Defendant should be allowed until August 20, 2007 to join additional parties and amend the pleadings.

    d.   <u>Dispositive Motions</u>. All potentially dispositive motions should be filed by February 15, 2008.

    e.   <u>Settlement</u>. After August 20, 2007, the parties will evaluate settlement on a continuing basis.

    f.   <u>Trial Evidence</u>.

        i.   The final list of witnesses and trial evidence under Rule 26(a)(3) should be due June 2, 2008.

        ii.   The parties should have fourteen (14) days after service to list objections under Rule 26(a)(3).

    g.   <u>Electronically Stored Information</u>. The parties agree that, if necessary, they will undertake to confer and exchange the following information:

        i.   A list of the person(s) most knowledgeable about the relevant computer system(s) or network(s), the storage and retrieval of ESI, and the backup, archiving, retention, and routine destruction of ESI, together with pertinent contact information and a brief description of each person's responsibilities;

        ii.   A list of each electronic system that may contain relevant ESI and each potentially relevant electronic system that was operating during the time periods relevant to the matters in dispute, together with a general description of each system;

        iii.   An indication whether relevant ESI may be of limited accessibility or duration of existence;

        iv.   A list of relevant ESI that has been stored offsite or off-system;

        v.   A description of efforts undertaken to preserve relevant ESI;

        vi.   The form of production preferred by the parties if such production becomes necessary; and

    vii.    Notice of any known problems reasonably anticipated to arise in connection with compliance as to either party's e-discovery requests.

h. <u>Privilege and Trial Preparation Material</u>. The parties will agree to an Order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

    i.    Only Qualified Persons may have access to Confidential Information.

    ii.    Qualified Persons shall use Confidential Information solely for the purposes of this action and shall not disclose Confidential Information to anyone other than a Qualified Person.

    iii.    Prior to the receipt of Confidential Information, all Qualified Persons shall be familiarized with any Order regarding Confidential Information.

    iv.    If either party intends to file with this Court or offer into evidence at trial or in any other proceeding in open court any document(s) containing Confidential Information, the party shall serve reasonable advance written notice, but in no event less than fifteen (15) days, on opposing counsel to afford that party the opportunity to bring before this Court the matter of the protection of the confidentiality of such document(s) or such information. This Court will have an opportunity to review such Confidential Information to determine, among other things, if the Confidential Information must be submitted under seal.

    v.    All Confidential Information, including any copies thereof and any notices or other records regarding such information, shall be permanently maintained within the exclusive custody and control of the counsel for the party receiving such information. However, Confidential Information may be temporarily removed from said custody and control in order to permit Qualified Persons to utilize it in any depositions or court proceedings in this action.

    vi.    Within sixty (60) days of the termination of this action, each party shall return all documents containing Confidential Information received from the party to that party, including all copies of such documents which may have been made, but not including any notices or other attorney work product that may

have been placed thereon by counsel. The party receiving back such Confidential Information shall acknowledge the receipt of such documents in writing. Any copies of Confidential Information claimed to contain attorney work product shall be destroyed by Plaintiff's counsel within sixty (60) days of the termination of this action.

vii. Nothing in any Order regarding Confidential Information will prejudice either party from seeking amendments thereto.

g. <u>Trial Date</u>. The case should be ready for trial by July 28, 2008, and at this time is expected to last approximately three (3) days.

Respectfully submitted this 29th day of May, 2007,

/s/ LESLIE GOFF SANDERS
Leslie Goff Sanders (TN #18973)
BASS, BERRY & SIMS, PLC
AmSouth Center
315 Deaderick Street, Suite 2700
Nashville, Tennessee 37238
(615) 742-6200

/s/ HENERY C. BARNETT, JR.
Henry C. Barnett, Jr.
150 South Perry Street
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8059

*Attorneys for Defendant*

/s/ JACKSON B. HARRISON
Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920

*Attorney for Plaintiff*