**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **CYNTHIA QUINNIE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO. 12302 AT 06** |
| | ) | **2:07-CV-314-WHA** |
| **DIALYSIS CLINIC, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, Dialysis Clinic, Inc. ("DCI"), moves the Court for summary judgment on the claim asserted by Plaintiff, Cynthia Quinnie ("Plaintiff"), on the grounds that there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law. For cause, Defendant states as follows:

1. Plaintiff's complaint contains one cause of action -- termination based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant asserts that Plaintiff cannot establish a *prima facie* case of discrimination. Moreover, Defendant had a legitimate business reason for terminating Plaintiff. Specifically, Plaintiff was terminated because she refused to participate in an internal investigation regarding allegations that Plaintiff had falsified her time entries. Plaintiff cannot produce any evidence that the reason proffered by Defendant was a pretext for racially-based discrimination. It is undisputed that Plaintiff was terminated because of her failure to cooperate in the internal investigation.

2. It is not clear to Defendant whether Plaintiff intended to raise a claim for racial harassment under Title VII. Out of an abundance of caution, Defendant addresses allegations that Plaintiff may assert in support of a harassment claim. This purported claim should be

dismissed because Plaintiff did not properly plead a claim of racial harassment under the Federal Rules of Civil Procedure. Specifically, the allegations in Plaintiff's Complaint do not directly or inferentially address all material elements of a racial harassment claim.

Even if Plaintiff had properly plead a claim for harassment, she has failed to present evidence that alleged conduct was based on her race or sufficiently severe and pervasive as required by Title VII. Furthermore, Plaintiff cannot establish that she made the company aware of the incidents that she contends constitute harassment in accordance with DCI policy.

Defendant submits that because Plaintiff cannot establish a genuine issue of material fact, Defendant is entitled to summary judgment dismissing all of her claims in their entirety. Defendant has filed contemporaneously herewith a Memorandum in Support of Its Motion for Summary Judgment, more fully supporting the arguments made above.

DATED this 14th day of March, 2008.

Respectfully Submitted,

BASS, BERRY & SIMS, PLC

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #018973)
AmSouth Center
315 Deaderick Street, Suite 2700
Nashville, Tennessee 37238
(615) 742-6200

Henry C. Barnett, Jr.
150 South Perry Street
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8059
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been furnished by the Court's electronic filing on this 14th day of March, 2008 to:

>Jackson B. Harrison
>The Harrison Firm, LLC
>8425 Crossland Loop
>Montgomery, AL  36117

                          /s/ Leslie Goff Sanders

6750907.1

6750907.1