UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CYNTHIA QUINNIE, | ) |
| PLAINTIFF, | ) |
| VS. | ) Case No. 12302 AT 06 |
| | ) 2:07-CV-314-WHA |
| DIALYSIS CLINIC, INC., | ) |
| DEFENDANT. | ) |

### AFFIDAVIT OF DANIEL WATSON

STATE OF TENNESSEE    )
                     ) ss:
COUNTY OF DAVIDSON    )

I, Daniel Watson, after being duly sworn, do hereby state as follows:

1. I am employed as the Associate Director of Human Resources at Dialysis Clinic, Inc. ("DCI"). I was in this position at the time Cynthia Quinnie's employment at DCI terminated in August 2006. I have firsthand knowledge of the information set forth herein and I am competent to testify about these matters.

2. DCI is a non-profit corporation that provides dialysis and related services to patients with end stage renal disease. DCI is incorporated under the laws of Tennessee, and it operates facilities in Montgomery, Alabama and the surrounding area. The corporate headquarters for DCI is located in Nashville, Tennessee. My office is located at the corporate headquarters.

3. Cynthia Quinnie was employed by DCI from May 23, 2001 until August 22, 2006. She was an administrative employee. She was primarily responsible for medical records. She was also designated as the LAN administrator, meaning she was responsible for certain

computer issues in the Montgomery clinic and three other nearby clinics. Plaintiff's supervisor at DCI was the clinic administrator.

4.     During Ms. Quinnie's employment, Lee Ashbury was the clinic administrator of the Montgomery clinic from August 2001 until February 2006. Mr. Ashbury died in February 2006. Rose Smith is a corporate administrator who works in the Nashville office. From February 2006 until approximately June or July 2006, Ms. Smith was the acting clinic administrator for the Montgomery clinic.

5.     During the week of August 7, 2006, I had multiple conversations with Rose Smith about Cynthia Quinnie's employment. Specifically, Ms. Smith informed me that an employee in the Montgomery clinic had provided a written statement alleging that Ms. Quinnie admitted to falsifying her time records. Ms. Smith further informed me that she believed the statement of the witness to be credible and that there was other evidence to support the employee's allegations against Ms. Quinnie. Ms. Smith informed me that she intended to terminate Ms. Quinnie's employment. At DCI, all termination decisions must be approved by the Human Resources Department. I suggested to Ms. Smith that she put Ms. Quinnie on administrative leave so that DCI could further investigate the allegations before terminating Ms. Quinnie's employment. Ms. Smith then decided to place Ms. Quinnie on administrative leave pending the investigation.

6.     I assisted Ms. Smith with the investigation into the allegations against Ms. Quinnie. Ms. Smith and I instructed Glenda Gary, the clinic administrator at the time, to arrange a meeting for August 14, 2006 between Ms. Quinnie, Ms. Smith, and me. Ms. Smith and I were at the Montgomery Clinic on August 14th waiting for Ms. Quinnie to arrive. Our intent was to meet with Ms. Quinnie, discuss the allegations, and get her side of the story.

7. When Ms. Quinnie arrived at the scheduled meeting, she was accompanied by a person she identified as her attorney. DCI did not have its own attorney present at this internal investigation.

8. Before talking further with Ms. Quinnie, I called David Hagewood, Director of Human Resources. I explained to him that I wanted to interview an employee about allegations raised against her. It was my understanding that attorneys are not to be present during an internal investigation, particularly when DCI is not represented by an attorney. Furthermore, it is my understanding that employers are free to question their employees without the presence of an attorney. I explained my understanding to Mr. Hagewood, and he confirmed that my understanding of DCI's practice was correct. We further discussed that if Ms. Quinnie did not participate in the investigation without her attorney present, then we would consider her failure to participate in the investigation a voluntary termination. I explained to Ms. Quinnie and her attorney that the attorney would have to leave so that we could interview Ms. Quinnie. Ms. Quinnie refused to meet with Ms. Smith and me unless her attorney was present. I explained that we would consider her actions a voluntary termination. She again refused to meet with Ms. Smith and me as requested. Therefore, we were not able to conduct our interview of Ms. Quinnie.

9. On the same day of the failed investigation meeting with Ms. Quinnie, I prepared a letter recapping the events on August 14, 2006. A true and accurate copy of the letter is attached.

10. DCI did not hire a replacement for Ms. Quinnie after her employment ended. Instead, it divided her duties among employees. Currently, the majority of Ms. Quinnie's duties

3

are being performed by an African American employee who was employed at the time Ms. Quinnie was employed.

11.   During my tenure at DCI, no employee has refused to cooperate in an internal investigation unless the company permitted his or her attorney to participate. Therefore, I have neither terminated nor considered an employee to have voluntarily quit because the employee refused to participate in an investigation as required by DCI. In fact, I have never terminated an employee at DCI or considered an employee to have voluntarily quit because the employee did not cooperate in an internal investigation into serious allegations raised against the employee.

FURTHER AFFIANT SAITH NOT.

_____
DANIEL WATSON

My Commission Expires NOV. 14, 2009

Sworn to and subscribed before me,
this /4th day of _March_____, 2008.

_A. Denise Redman_
Notary Public



Respectfully Submitted,

BASS, BERRY & SIMS, PLC

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #018973)
AmSouth Center
315 Deaderick Street, Suite 2700
Nashville, Tennessee 37238
(615) 742-6200

Henry C. Barnett, Jr.
150 South Perry Street
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8059
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th of March, 2008 a copy of the foregoing Affidavit of Daniel Watson was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117

Parties may access this filing through the Court's electronic filing system.

/s/ Leslie Goff Sanders

DEFENDANT'S EXHIBIT 5

August 14, 2006

Cynthia Quinnie

Dear Cynthia:

This letter will confirm our conversation on Monday, August 14, 2006. As you will recall, on Monday, August 7, 2006 you were place on administrative leave pending our investigation into serious allegations about your time records. It is our understanding that the same afternoon, you called a co-worker indicating that you had been placed on administrative leave for stealing time, and you asked the co-worker to not share any information with any company representatives as part of the investigation.

On Thursday of last week, I received a call from a person claiming to be your lawyer, demanding employment records. I explained to him that before I could respond to any request, I would need a letter of representation from him. He explained that he would provide such a letter.

Today, I was in Montgomery for the purpose of completing the investigation. You arrived at the clinic as requested by Ms. Gary, with the person claiming to be your lawyer. He did not have a letter of representation, and no such letter was presented. He did not present any business card or any other written information indicating that he was a lawyer, much less that he represented you. As I explained, I was hoping to meet with you, as part of an internal investigation without any company lawyer present, to understand your reaction to the allegations made. You refused to meet with me, without the person who was accompanying you present. I then explained that I would consider your actions as voluntary quit. You continued in your refusal to meet with me and then left the premises.

This letter presents our understanding of these developments. If you believe our understanding is not accurate, you must contact me immediately to clarify. If you wish to reconsider your position, and meet with me as part of this internal investigation, you must contact me at 615-342-0427 by Friday, August 18, 2006 at noon to arrange a mutually convenient time to meet.

Otherwise, we will complete the investigation without your input, accepting as true the statements made by others about your conduct, and continue to view your actions as a voluntary quit.

Sincerely,

*Daniel L. Watson*

Daniel L. Watson
Associate Director of Human Resources