UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CYNTHIA QUINNIE,          ) | |
|       ) | |
|    Plaintiff,       ) | |
|       ) | |
| vs.       ) | CASE NO. 12302 AT 06 |
|       ) | 2:07-CV-314-WHA |
| DIALYSIS CLINIC, INC.,       ) | |
|       ) | |
|    Defendant.       ) | |

**DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT**

In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff admits that her sole claim in this action is a claim for wrongful discharge under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff is not asserting a claim for racial harassment under Title VII. Plaintiff raises seven (7) issues that she characterizes as "genuine issues of material fact." Plaintiff cites to no portions of the record to support these "issues." Instead, she simply refers to her deposition in general. Plaintiff's Response does not comply with Rule 56 of the Federal Rules of Civil Procedure. Rule 56 (e)(2) provides that:

> [A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiff has cited to no portions of the record that support the issues she raises in her response. As such, summary judgment is appropriate. Each of Plaintiff's "issues" is discussed in turn.[1]

    **1.**     **Whether the Plaintiff Reasonably Failed to Cooperate with the Internal Investigation**

---

[1] By addressing the issues raised in Plaintiff's Response, Defendant does not concede that Plaintiff properly plead a claim for wrongful discharge under Title VII in her Complaint. See Defendant's Memorandum in Support of its Motion for Summary Judgment.

The parties agree that Plaintiff refused to participate in the internal investigation unless her attorney could be present.  As set forth in Defendant's Memorandum in Support of its Motion for Summary Judgment ("Defendant's Brief"), DCI's decision to consider her employment terminated based on this fact is a legitimate business reason.  The Court may decide this issue without deciding any issue of material fact.

2.     **Whether Plaintiff's Employment Was Terminated Because of her Race**

Plaintiff makes a conclusory allegation that her employment was terminated because of her race and characterizes it as a genuine disputed fact.  Such a conclusory allegation without any specific facts to support it is insufficient to survive Defendant's Motion for Summary Judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 274 (1986) (holding that a party opposing summary judgment must "go beyond the pleadings" and designate specific facts supported by discovery or affidavits showing there is a genuine issue of material fact for trial).

3.     **Whether the Plaintiff Suffered Racial Harassment**

This is not an issue before the Court.  Plaintiff admits that she has not filed a claim for racial harassment under Title VII.  As set forth in Defendant's Brief, the only evidence of the so-called "harassment" in this case includes racial slurs.  The only possible relevance the racial slurs could have in this case is to the issue of pretext. If the decision makers were aware of the alleged racial slurs, then Plaintiff could contend that their actions were evidence of pretext.  That is not an option for Plaintiff Quinnie.  It is undisputed that Daniel Watson and David Hagewood made the decision to consider Plaintiff's employment terminated.  (See Affidavit of David Hagewood ("Hagewood") at ¶ 2; Second Affidavit of Daniel Watson ("Watson 2") at ¶2).  Plaintiff contributes no incidents of racial harassment to either Mr. Watson or Mr. Hagewood.

Furthermore, it is undisputed that neither Mr. Watson nor Mr. Hagewood was aware of any of the alleged racial slurs at the time they made the decision to consider Ms. Quinnie's employment terminated. (See Hagewood at ¶3; Watson 2 at ¶3). Thus, even if the evidence established that racial slurs were used in the Montgomery clinic, such evidence is irrelevant to the issue of wrongful discharge under Title VII.

### 4. Whether the Plaintiff Notified the Defendant Pursuant to DCI's Policies and Procedures

The meaning of this vague allegation is unclear. It has no relevance to the wrongful discharge claim.

### 5. Whether DCI Properly Followed its Policies and Procedures in the Treatment of the Plaintiff

Plaintiff does not specify portions of the record to support this purported issue. At best, Plaintiff is referring to her request to see her personnel file. Nothing about this particular incident is relevant to her wrongful discharge claim. Furthermore, the facts related to the personnel file are undisputed: (1) Plaintiff asked Glenda Gary to see her personnel file; (2) Ms. Gary was a new clinic administrator; and (3) Ms. Gary said she had to check with the corporate office about the procedure for reviewing personnel files. Plaintiff does not allege that Mr. Watson or Mr. Hagewood was involved in the personnel file issue. Furthermore, Plaintiff offers no evidence to refute the fact that Ms. Gary was *not* involved in the decision to consider her employment terminated. Plaintiff's identification of this issue does not bring in to question in disputed material *fact*.

### 6. Whether the Defendant Treated Similarly Situated Caucasian Employees More Favorably than the Plaintiff

In raising this issue, Plaintiff does not dispute that there is no comparator which is fatal to her *prima facie* case. In other words, Plaintiff cannot prove that white employees who refused to

participate in internal investigations were treated better than Plaintiff. Instead, Plaintiff asserts unsupported allegations that Caucasian employees were allowed to participate in nepotistic hiring practices, allowed to see their personnel files and treated more favorably with respect to rehiring and clocking in and out. Plaintiff fails to cite to the record in support of her allegations. She generally refers to her deposition which at best, contains hearsay related to other employees' experiences at DCI. For example, Plaintiff has no evidence that Caucasian employees were treated any better by Glenda Gary with respect to viewing their personnel files other than her own subjective belief and comments of others that Caucasian employees got to look at their personnel files. Even if this were competent evidence, none of it is relevant to the establishment of a *prima facie* case of wrongful discharge. Furthermore, it could not be used to establish pretext because of the undisputed testimony of the decision makers that they did not engage in this conduct nor were they aware of this type of conduct at the Montgomery Clinic. (See Hagewood at ¶3; Watson 2 at ¶3).

      **7.**    **Whether Plaintiff's Failure to Cooperate with the Internal Investigation Is Pretext**

Again, Plaintiff's identification of this as an "issue" is meaningless. Plaintiff has identified no facts in support of this issue. The facts related to the internal investigation are undisputed. When the facts are undisputed, it is appropriate for the Court to determine the issue as a matter of law. Ultimately, there are *no* facts in this case to even suggest that Mr. Hagewood and Mr. Watson had a discriminatory motive when they decided to consider Plaintiff's failure to cooperate in the internal investigation a voluntary termination of employment. This is unquestionably an appropriate case for summary judgment.

4

        Respectfully Submitted,

        BASS, BERRY & SIMS, PLC

        /s/ Leslie Goff Sanders
        Leslie Goff Sanders (TN #018973)
        315 Deaderick Street, Suite 2700
        Nashville, Tennessee 37238
        (615) 742-6200

        Henry C. Barnett, Jr.
        150 South Perry Street
        P.O. Box 2069
        Montgomery, Alabama 36102-2069
        (334) 241-8059
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th of April, 2008 a copy of the foregoing Defendant's Reply to Plaintiff's Response to the Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117

Parties may access this filing through the Court's electronic filing system.

        /s/ Leslie Goff Sanders

6787360.1