IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA QUINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07cv314-WHA |
| | ) | (WO) |
| | ) | |
| DIALYSIS CLINIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #20) filed by Defendant Dialysis Clinic, Inc. ("DCI") on March 14, 2008.

The Plaintiff filed a Complaint in this case identifying one claim that she was terminated on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

DCI has moved for summary judgment as to two claims, the claim for unlawful termination asserted in the Complaint, and a claim for hostile environment, to the extent that the Complaint could be construed as an attempt to state a claim for racial harassment. In response to the Motion for Summary Judgment, Quinnie has stated that the Complaint in the case "does contain one cause of action for wrongful termination based on racial discrimination in violation of Title VII." Plaintiff's Response to Motion for Summary Judgment at page 1. Because Quinnie has confirmed that she has only asserted one claim of discrimination, which is consistent with the Complaint, the court concludes that only one claim is asserted in this case, a claim for wrongful termination on the basis of race pursuant to Title VII, and the Motion for

Summary Judgment is due to be DENIED as moot to the extent that DCI has asked for summary judgment on a hostile environment claim.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as to the unlawful termination claim.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more

than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The summary judgment rule is to be applied in employment discrimination cases as in any other case. *Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000)(*en banc*).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The Defendant, DCI, is a corporation with headquarters in Nashville, Tennessee, which operates in Montgomery, Alabama, and surrounding areas. The Plaintiff, Cynthia Quinnie ("Quinnie"), was employed by DCI from May 23, 2001 until August 22, 2006. Quinnie was the LAN Administrator and medical records clerk. As LAN Administrator, she was responsible for addressing computer problems at four medical clinics.

In August 2006, one of Quinnie's co-workers reported that Quinnie had falsified time records. Quinnie was placed on administrative leave as a result. DCI conducted an investigation, pursuant to which Quinnie was asked to attend a meeting on August 14, 2006. When Quinnie arrived at the meeting, she was accompanied by her attorney. Daniel Watson, Associate Director of Human Resources, informed Quinnie that he wanted to talk with her about

the allegations against her without her attorney present. Quinnie refused to meet with Watson and Rose Smith, corporate administrator, without her attorney present. Watson explained to Quinnie, and later stated in a letter re-capping the events of August 14, that if Quinnie did not meet with him without her attorney, her refusal to participate in the investigation would be viewed by DCI as a voluntary termination from her employment. Quinney never participated in an interview concerning the allegations against her.

DCI did not hire a replacement for Quinnie after it considered her employment to have ended. DCI has presented evidence that the majority of Quinnie's duties are now performed by an African-American employee who was also employed by DCI at the time of Quinnie's termination. Watson Aff. at ¶ 10.

## IV. DISCUSSION

A plaintiff asserting a claim of disparate treatment in employment may attempt to prove that claim through either direct or circumstantial evidence of discrimination. *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1085 (11th Cir. 2004). Although Quinnie has referred in her brief to racial slurs used by white co-workers, there is no evidence that any slurs were uttered by any decision maker within the context of the decision to terminate Quinnie's employment, nor does Quinnie argue in her brief that she has direct evidence of discrimination. Quinnie only seeks to prove intentional discrimination on the basis of race under Title VII by using circumstantial evidence of intent. Therefore, the court applies the framework first set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. After the plaintiff has established

a prima facie case of discrimination, the burden of production is placed upon the employer to articulate a legitimate nondiscriminatory reason for its employment action. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The plaintiff may seek to demonstrate that the proffered reason was not the true reason for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 256; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 147 (2000).

To establish a prima facie case of discrimination, Quinnie must show that (1) she is a member of a protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-situated individual outside her protected class. *See Maynard v. Board of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

DCI concedes for purposes of the Motion for Summary Judgment that Quinnie meets the first three elements of the prima facie case, but states that she cannot prove the fourth element because she was not replaced by a white employee and was not treated less favorably than similarly-situated white employees. DCI presents evidence that the majority of Quinnie's duties are now performed by an African-American employee. Watson Aff. at ¶ 10. DCI further presents evidence that during the tenure of the decision maker, Watson, no other DCI employee

has refused to participate in an investigation because DCI would not allow an attorney for the employee to participate in an internal interview. *Id.*

Quinnie does not contend that she was replaced by a person outside of her protected class, but instead attempts to meet her burden to show that similarly-situated employees were treated more favorably than she. Quinnie states in her brief that white employees were treated more favorably with regard to the following: clocking in and out, ability to see personnel files, and participation in nepotistic hiring practices. To support these assertions, she merely refers the court to "testimony in Plaintiff's deposition." Plaintiff's Brief in Support of Response to Defendant's Motion for Summary Judgment, page 2. DCI replies that Quinnie has failed to meet her burden because she has not cited to specific portions of the record, and that the only testimony in her deposition relevant to these allegations is based on hearsay.

In the Order setting the briefing schedule on the Motion for Summary Judgment, this court ordered that the parties designate the relevant parts of documents to be considered by the court, that depositions be cited by page and line numbers, and that no parts of documents not so specifically designated would be considered by the court in ruling on the Motion for Summary Judgment. *See* Doc. # 23 at page 1. Quinnie's vague citation to her deposition, without designation of any particular pages and lines in that deposition, does not comply with that Order. Furthermore, "[w]ithout citation to specific supporting facts, the plaintiffs' allegations are conclusory and fail to establish a prima facie claim" of discrimination. *Lewis v. K2 Indus. Servs., Inc.,* No. 06-CV-0497-WKW, 2007 WL 3442189, at * 3 (M.D. Ala. Nov. 14, 2007). Based on the lack of citation to evidence by Quinnie to oppose the evidence cited to by DCI, the court concludes there is no issue of triable fact as to a prima facie case of discrimination.

Even if Quinnie had substantiated that white employees were allowed to see their personnel files while Quinnie was not, that white employees' relatives were hired and African-American employees' relatives were not, or that white employees were not bound by the same rules in clocking in and out, Quinnie has failed to present any evidence that those instances of alleged disparate treatment are relevant to the decision to consider Quinnie to have voluntarily terminated her employment by refusing to participate in an internal investigation interview without the presence of her attorney. The plaintiff's burden in establishing a prima facie case of discrimination requires evidence that a similarly-situated person was treated differently with respect to the employment decision at issue. *See, e.g.*, *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076 (11th Cir. 2005).

In *Morris*, a physician was terminated from a clinic position after patients complained about him, and he brought claims of employment discrimination. He argued that his employer responded to complaints against him differently than complaints against other physicians because of his gender and age. The Eleventh Circuit affirmed the district court's granting of summary judgment to the employer. *Id.* at 1083. The Eleventh Circuit explained that the burden is not shifted to the defendant under *McDonnell Douglas* merely by the plaintiff stating that he was treated unfavorably. *Id.* at 1082. The court then explained that the plaintiff had not established a prima facie case of discrimination because he did not identify a female employee who replaced him, nor did he identify a female employee who received similar complaints who was not terminated, or who otherwise received favorable treatment. *Id.*

Similarly, in this case, Quinnie does not create a triable issue of fact simply by asserting that she was fired because she is African-American. Quinnie argues that she reasonably

7

cooperated in the internal investigation of allegations against her, but does not dispute that she refused to participate in the internal investigation interview without the presence of her attorney. She further presents no evidence either that a similarly-situated white employee had been represented by counsel during internal investigations, or that a white employee had not been considered terminated even after insisting that she would not participate in an internal investigation interview without being represented by counsel. Therefore, the court must conclude that Quinnie has failed to adequately establish a prima facie case of discrimination on the basis of race. *See Morris*, 402 F.3d at 1082.

Because Quinnie has failed to establish a prima facie case, the court need not address the remaining steps of *McDonnell Douglas* analysis, *see Morris*, 402 F.3d at 1082, and summary judgment is due to be GRANTED.

## V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment is due to be and is hereby ORDERED GRANTED as to the unlawful termination claim and DENIED as moot to the extent it moved for summary judgment on a hostile environment claim not pled in the Complaint. A separate Judgment will be entered consistent with this Memorandum Opinion and Order.

Done this 18th day of April, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE