UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA QUINNIE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **Case No. 12302 AT 06** |
| | ) | **2:07-CV-314-WHA** |
| **DIALYSIS CLINIC, INC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO ALTER AMEND OR VACATE**

Defendant, DIALYSIS CLINIC INC. ("DCI"), files this response to Plaintiff's Motion to Alter, Amend or Vacate the judgment of this Court and respectfully requests this Court to deny the Motion. Defendant states the following to show cause for denying Plaintiff's Motion.

Plaintiff filed a Complaint identifying one claim: wrongful termination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended. (See Complaint). Defendant DCI moved for summary judgment as to the claim for unlawful termination asserted in the Complaint.  Out of an abundance of caution, Defendant also moved for Summary Judgment as to any purported claim for racial harassment to the extent that the Complaint could be construed as an attempt to state a claim for hostile environment discrimination.  Thereafter, Plaintiff confirmed, and this Court concluded, that Quinnie's Complaint asserted only one claim, a claim for wrongful termination on the basis of race in violation of Title VII.  (Response to Motion for Summary Judgment ("Plaintiff's Response") at page 1; Memorandum Opinion and Order ("Order") at page 1)  Therefore, this Court granted Summary Judgment as to Plaintiff's wrongful termination claim and denied as moot the Motion pertaining to a hostile work environment claim.  Plaintiff has filed a Motion to Alter, Amend or Vacate the Judge's Order ("Motion to Alter").

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a court to alter or amend a judgment after its entry. See Fed. R. Civ. Pro. 59(e).  Although Rule 59(e) does not include a list

of specific grounds for a court to alter or amend a judgment, courts generally recognize the following grounds for altering or amending a judgment: (1) clear errors of law or facts upon which the judgment was based, (2) newly discovered or previously unavailable evidence, (3) an intervening change in controlling law, and (4) a need to prevent manifest injustice in the judgment. See Jacobs v. Electronic Data Sys. Corp., 2007 U.S. Dist. LEXIS 25350, at *5 (M.D. Ala. Jan. 22, 2007) (citing 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1, at 124-27 (2d ed. 1995)).

In order to succeed on a Rule 59(e) motion, Plaintiff must "demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Fetterhoff v. Liberty Life Assurance Co., et. al., 2007 U.S. Dist. LEXIS 42708, at *2 (S.D. Ala. June 11, 2007) (quoting Cover v. Wal-Mart Stores, Inc., 1993 U.S. Dist. LEXIS 5130, at *2 (M.D. Fla. Apr. 15, 1993)).  Plaintiff cannot use a Rule 59(e) motion to relitigate old matters or to raise new legal arguments which could and should have been made during the pendency of the summary judgment motion.  Michael Linet, Inc., v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001).  Thus, to prevent repetitive arguments on issues previously considered fully by the trial court, the rules governing reargument are narrowly construed and strictly applied.  Auto-Owners Ins. Co., v. Southeast Floating Docks, Inc., 2008 U.S. Dist. LEXIS 39630, at *4 (M.D. Fla. May 15, 2008) (citing St. Paul Fire & Marine Ins. Co., v. Heath Fielding Ins. Broking Ltd., 976 F.Supp.198 (S.D.N.Y. 1996).

In Plaintiff's Motion to alter, she fails to establish any of the four grounds on which such a motion should be based.  Instead, she uses the Motion as a last-ditch effort to revive her flawed case.  Plaintiff is attempting to do what the case law specifically prohibits:  relitigate her case. The Court should reject Plaintiff's inappropriate strategy and deny the Motion to Alter.

Summary judgment was appropriate in this case because no genuine issue of material fact exists. The Court properly concluded that this is a case involving only circumstantial evidence of discrimination, making the <u>McDonnell-Douglas</u> burden shifting analysis appropriate. (Order at p. 4). The Court did not err in concluding that Plaintiff failed to establish the fourth element of the *prima facie* case. Plaintiff was neither replaced by a white employee nor was she treated differently than white employees who refused to participate in an internal investigation. Plaintiff did not refute this in her deposition, her response to the Motion for Summary Judgment or in her Motion to Alter. Thus, the decision of the Court should not be disturbed.

In her response to the Motion for Summary Judgment, Plaintiff failed to cite to the record as required by the Court's order. In the Motion to Alter, Plaintiff attempts to "cure" this defect by citing to specific pages in her deposition testimony. First of all, the evidence to which she cites was available at the time the parties submitted their summary judgment papers so presenting it in the Motion to Alter is inappropriate. <u>See generally</u> <u>Michael Linet, Inc.</u> Secondly, the evidence to which she cites has no relevancy to the fourth prong of the *prima facie* case. Plaintiff testified in her deposition testimony that she believed that another African American employee was terminated because she wanted to see her personnel file. As Defendant pointed out in its summary judgment memorandum and as the Court acknowledged in its Order, Plaintiff's subjective belief that her employment terminated because of her race is insufficient. Furthermore, Plaintiff's reliance on hearsay that other employees were treated less favorably is irrelevant (even if it were competent evidence) because she does not establish a white employee who is similarly situated to her in all respects that received more favorable treatment. While she points to alleged instances of disparate treatment, she does not provide any evidence or even argument to suggest that these instances were related to DCI's decision to consider her to have voluntarily quit when she refused to participate in the internal investigation unless her lawyer

could be present.  Plaintiff has *never* submitted any competent comparator evidence or even suggested that a proper comparator exist.

Plaintiff raises a new argument in her Motion to Alter.  For the first time, she articulates two adverse employment actions:  (1) termination and (2) administrative leave.  Raising this new argument in the Motion to Alter is inappropriate.  Furthermore, the Court had no reason to address whether administrative leave was an adverse employment action because it was not before the Court.  The Complaint clearly states this is a case for "wrongful discharge."  The Plaintiff made it clear in her response to the Motion for Summary Judgment that she only had one claim and it was for wrongful discharge.  To now claim that she has a separate disparate treatment claim for DCI's placement of Plaintiff on administrative leave pending the investigation into the allegations that she was falsifying time is disingenuous at best.

Plaintiff should have produced direct or indirect evidence to suggest that her race, not her conduct, caused her termination.  She failed to carry her burden of proof regarding the *prima facie* case of discrimination.  In fact, through her own deposition testimony, she actually admitted that she was fired because she refused to participate in Defendant's legitimate investigation into allegations that she was stealing time.  Plaintiff has had ample time to engage in discovery to muster support for her claim.  She has had ample opportunity to present her arguments.  Ultimately, Plaintiff could produce no evidence to refute Defendant's position because no such evidence exists.  Plaintiff has certainly not shown that the Court's decision to grant summary judgment in favor of Defendant was clear error or that the Court should reconsider its decision.  DCI did not violate Title VII when it considered Plaintiff's refusal to be interviewed without counsel a voluntary resignation, and the Motion asking the Court to alter its prior decision should be DENIED.

DATED this 21st day of May, 2008.

Respectfully Submitted,

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN Bar #18973)
BASS, BERRY & SIMS, PLC
315 Deaderick Street, Suite 2700
Nashville, Tennessee 37238
(615) 742-6200

*and*

Henry C. Barnett, Jr. (AL BAR037)
CAPELL & HOWARD P.C.
150 South Perry Street
Montgomery, Alabama  36104
(334) 241-8059
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st of May, 2008 a copy of the foregoing Defendant's Response to Plaintiff's Motion to Alter, Amend or Vacate was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to

Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL  36117

Parties may access this filing through the Court's electronic filing system.

/s/ Leslie Goff Sanders

6823383.4

LEXSEE 2007 U.S. DIST. LEXIS 25350

**ADWOWA JACOBS, Plaintiff v. ELECTRONIC DATA SYSTEMS CORPORA-TION and JEFF WILLIAMS, Defendants.**

**CIVIL ACTION NO. 2:05cv925-MHT (WO)**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALA-BAMA, NORTHERN DIVISION**

*240 F.R.D. 595; 2007 U.S. Dist. LEXIS 25350; 67 Fed. R. Serv. 3d (Callaghan) 242*

**January 22, 2007, Decided**

**PRIOR HISTORY:** *Jacobs v. Elec. Data Sys. Corp., 2006 U.S. Dist. LEXIS 91706 (M.D. Ala., Dec. 18, 2006)*

**COUNSEL:** [**1] For Adwowa Jacobs, Plaintiff: L. D. Walker, III, LEAD ATTORNEY, Montgomery, AL.

For Electronic Data Systems Corporation, Defendant: Ashley Heron Hattaway, LEAD ATTORNEY, Burr & Forman LLP, Birmingham, AL; Rachel M. Smith, LEAD ATTORNEY, Baker & Hostetler LLP, Houston, TX; Tonya A. Jacobs, LEAD ATTORNEY, Baker & Hostetler, Houston, TX.

For Jeff Williams, Defendant: James Eugene Williams, LEAD ATTORNEY, Melton Espy & Williams, PC, Montgomery, AL; James Flynn Mozingo, Melton Espy & Williams, PC, Montgomery, AL.

**JUDGES:** Myron H. Thompson, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Myron H. Thompson

**OPINION**

[*598] OPINION AND ORDER

Plaintiff Adwowa Jacobs has filed a motion to vacate the summary judgment entered in favor of defendants Electronic Data Systems Corporation (EDS) and Jeff Williams on her federal claim of sexual harassment and all but one of her supplemental state-law claims. *Jacobs v. Elec. Data Sys. Corp., 2006 U.S. Dist. LEXIS 91706, 2006 WL 3742202 (M.D. Ala. 2006)*(Thompson, J.). For the reasons that follow, Jacobs's motion will be denied.

I. BACKGROUND

Jacobs, represented by an attorney, filed suit against the defendants on September 27, 2005, alleging violations of Title VII of the [**2] Civil Rights Act of 1964, as amended, *42 U.S.C. §§ 1981a, 2000e to 2000e-17*, and additionally asserting state-law claims for outrage, assault and battery, invasion of privacy, and negligent and wanton hiring, training, and supervision. [1] On December 18, 2006, this court granted summary judgment on all but the assault-and-battery claim.

> [1]    The Title VII, outrage, and invasion-of-privacy-claims were directed at both defendants. The assault-and-battery claim was directed at Williams only, and the claims for negligent and wanton hiring, training, and supervision were directed at EDS only.

There were essentially two bases for the court's decision. First, in Jacobs's response to the defendants' motions for summary judgment, Jacobs opposed summary judgment on only two claims: her Title VII claim against EDS and her assault-and-battery claim against Williams. On all of her other claims, Jacobs "acquiesce[d] to the positions of the Defendants. [**3] . . ." Pl. Br. Opposing Def. Mot. Summ. J. at 4. The court therefore treated those claims as abandoned and granted summary judgment thereon.

Second, Jacobs's Title VII claim for sexual harassment could not survive summary judgment because she failed to respond to EDS's request for admissions. More than five months earlier, the magistrate judge had ordered the admissions deemed admitted by operation of *Rule 36(a) of the Federal Rules of Civil Procedure*, and Jacobs had never moved to withdraw the admissions as permitted by *Rule 36(b)*. The admissions negated essential elements of a Title VII claim, thereby precluding recovery under that statute as a matter of law. Accordingly, the court granted summary judgment on the Title

240 F.R.D. 595, *; 2007 U.S. Dist. LEXIS 25350, **;
67 Fed. R. Serv. 3d (Callaghan) 242

VII claim against EDS. The only claim remaining was a supplemental state-law claim for assault and battery, which the court dismissed without prejudice pursuant to *28 U.S.C. § 1367(c)(3)*.

Jacobs, proceeding *pro se*, files this motion to vacate, alleging serious deficiencies in the representation she received from her attorney. According to Jacobs, this court's judgment against her stems from two instances [**4] of inadequate legal representation. First, Jacobs states that when she "acquiesce[d] to the positions of the Defendants" on all but her Title VII claim against EDS and her assault-and-battery claim against Williams, Pl. Br. at 4, her attorney abandoned those claims without consulting her and without her authorization or consent. Second, Jacobs alleges that her failure to respond to EDS's request for admissions, which resulted in summary judgment against her on the remaining Title VII claim, was entirely the result of her attorney's failure to respond to the request for admissions, since Jacobs herself provided her lawyer with responses to the admissions before they were due and long before the magistrate judge entered an order deeming them admitted.

As a result of these alleged incidents of inadequate legal representation, Jacobs [*599] seeks relief under *Rule 59(e) of the Federal Rules of Civil Procedure*, which permits a party to file a motion to alter or amend a judgment. In the alternative, Jacobs seeks relief under *Rule 60(b)*, which provides for relief from a final judgment.

## II. STANDARDS

*Rule 59(e)* authorizes a motion to alter or amend a judgment [**5] after its entry. *Rule 59(e)* provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985).* There are four basic grounds for granting a *Rule 59(e)* motion: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1, at 124-27 (2d ed. 1995). *Rule 59(e)* may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).* Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. 11 Wright, Miller & Kane, *supra*, § 2810.1, at 128.

*Rule 60(b)* is another procedural vehicle for obtaining relief from a final judgment. The Rule provides six

specific grounds for relief, [**6] two of which are relevant here: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." *Fed. R. Civ. P. 60(b)*. Relief under *Rule 60(b)(1)* is warranted when a party "should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." 11 Wright, Miller & Kane, *supra*, § 2858, at 272-73. Relief under *Rule 60(b)(6)* is an extraordinary remedy, is warranted only under exceptional circumstances, and is left to the sound discretion of the district court. *Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).*

## III. DISCUSSION

The court's consideration of Jacobs's motion will proceed as follows. First, the court must ensure that the motion is timely. Next, assuming the motion is timely, the court will consider whether Jacobs has asserted legally proper grounds for relief. Finally, if proper grounds have been asserted, the court will determine whether the court's equitable [**7] discretion to afford such relief should be exercised in this case.

### A. Timeliness

Jacobs's motion is timely under both Rules. Motions under *Rule 59(e)* must be filed no later than 10 days after entry of the judgment. *Fed. R. Civ. P. 59(e).* The court entered its judgment on December 18, 2006, and Jacobs filed her motion on January 3, 2007. Since the 10-day limitation excludes weekends and legal holidays, *Fed. R. Civ. P. 6(a)*, Jacobs's motion is timely under *Rule 59(e).*

A motion under *Rule 60(b)(1)* must be made within a reasonable time, and not more than one year after entry of the judgment. A motion under *Rule 60(b)(6)* must also be made within a reasonable time, but there is no one-year limit. *Fed. R. Civ. P. 60(b).* Jacobs's motion, filed weeks after the entry of judgment, is undeniably timely under *Rule 60(b).* That Jacobs's motion was also timely under *Rule 59(e)* does not preclude the court from considering its merits under *Rule 60(b). See* 12 James Wm. Moore, *Moore's Federal Practice* § 59.05[7][b](3d ed. 2006); *Jennings v. Rivers, 394 F.3d 850, 854-56 (10th Cir. 2005).* [**8]

### B. Grounds for Relief

Having found that Jacobs's motion was timely, the court proceeds to the next inquiry: whether attorney error is a legally cognizable ground for relief under either *Rule 59(e)* or *Rule 60(b).* The court concludes that, under certain circumstances, it is.

Case 2:07-cv-00314-WHA-TFM    Document 34-2    Filed 05/21/2008    Page 3 of 5

Page 3

240 F.R.D. 595, *; 2007 U.S. Dist. LEXIS 25350, **;
67 Fed. R. Serv. 3d (Callaghan) 242

[*600] The defendants' arguments against Jacobs's motion to vacate focus on Jacobs's use of the term "ineffective assistance of counsel." That has become a term of art in constitutional law that refers to the right of a criminal defendant under the *Sixth Amendment* to adequate representation. *Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).* As the defendants correctly point out, there is no constitutional or statutory right to effective assistance of counsel in a civil case. *Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1522 (11th Cir. 1983).* Accordingly, the poor representation Jacobs allegedly received did not violate any constitutional right.

This does not end the court's inquiry, however, because it does not answer the question of whether *Rules 59(e)* or *60(b)* recognize attorney error as a basis for relief. Under *Rule 59(e)*, the district court "enjoys considerable discretion in granting [**9] or denying the motion." 11 Wright, Miller & Kane, *supra*, § 2810.1, at 124. Among the grounds for relief under *Rule 59(e)* is that it is necessary to prevent manifest injustice. *Id.* at 126. "Serious misconduct of counsel" may justify relief under this theory. *Id.* at 126-27; 12 *Moore, supra, § 59.30[5][a][v]*; *see also Adams v. James, 526 F. Supp. 80, 86 (M.D. Ala. 1981)*(Hobbs, J.); *Dale & Selby Superette & Deli v. U.S. Dep't of Agriculture, 838 F. Supp. 1346, 1347-48 (D.Minn. 1993)*(Doty, J.).

Under *Rule 60(b)*, the court also has discretion to grant relief due to attorney error, but that discretion is more limited. Under *Rule 60(b)(1)*, the court is authorized to grant relief when deadlines are missed due to "excusable neglect." In determining whether neglect is "excusable," the court must take into account equitable considerations such as the "danger of prejudice to the [parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).* [**10] The Supreme Court has emphasized that in weighing these factors, the court must hold clients accountable for the errors of their attorneys. *Id. at 396* (citing *Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).* Thus, in determining whether the neglect was excusable, the focus of the court's inquiry must be on whether the attorney's error was excusable, not on whether the *client* was diligent in selecting, monitoring, and cooperating with counsel. *Id. at 397.*

Some courts have also granted relief under *Rule 60(b)(6). See, e.g., Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976 (3d Cir. 1978)*; *L. P. Steuart, Inc. v. Matthews, 117 U.S. App. D.C. 279, 329 F.2d 234*

*(D.C. Cir. 1964)*; *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986)*(recognizing such cases). In those cases, attorney error is effectively so gross as to constitute abandonment. When this occurs, some courts have refused to hold clients accountable for their attorneys' dereliction.

In sum, attorney error occasionally forms the legal basis for relief under *Rules 59(e)* and *60(b)*. Therefore, Jacobs [**11] has stated legally adequate grounds for relief.

C. Exercise of Discretion

The final question is whether, under the circumstances of this case, such relief should be granted to Jacobs. Even when a movant has stated legally cognizable grounds for relief from a final judgment, such relief is granted rarely and only in extraordinary circumstances. The court must carefully weigh several competing interests, including the interest in finality, the interest in conservation of judicial resources, the interest in adjudication on the merits, and the interest that justice be done. *See* 12 *Moore, supra, §§ 59.30[4], 60.22[2]*; 11 Wright, Miller & Kane, *supra, §§ 2810.1 at 124, 2857 at 255-57 & 259-62*; *Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355-56 (5th Cir. 1993).*

With these limitations in mind, the court concludes that the relief Jacobs seeks is not warranted in this case. Two considerations animate the court's conclusion: first, whether [*601] the specific instances of inadequate representation Jacobs complains of warrant relief; and, second, whether Jacobs would have a meritorious legal claim if this case were to proceed.

1. Jacobs's [**12] Legal Representation

The court will first eliminate from consideration those aspects of Jacobs's motion arising from allegations of inadequate legal representation that fall short of the requirements for *Rules 59(e)* and *60(b)*. As stated, Jacobs argues that when she "acquiesce[d] to the positions of the Defendants" on all but her Title VII claim against EDS and her assault-and-battery claim against Williams, Pl. Br. at 4, her attorney abandoned those claims without consulting Jacobs and without her authorization or consent. When a party expressly states that she is abandoning a claim, this is not "excusable neglect" under *Rule 60(b)(1)*, which is designed to relieve parties from missed deadlines, computer glitches, and similar oversights. As the Supreme Court made clear in *Pioneer Inv. Serv. Co., 507 U.S. at 396-97*, clients are held accountable for the mistakes of their attorneys, such that motions for relief due to excusable neglect focus on whether the attorney's mistake was excusable as if the party had made the error, not whether the attorney acted against the

240 F.R.D. 595, *; 2007 U.S. Dist. LEXIS 25350, **;
67 Fed. R. Serv. 3d (Callaghan) 242

wishes of his client. Accordingly, even if Jacobs's attorney never obtained her consent to drop [**13] the claims, she cannot obtain relief under *Rule 60(b)(1)*.

Nor does the express abandonment of claims rise to the severity of attorney misconduct required for relief under *Rules 59(e)* and *60(b)(6)*. When a litigant retains counsel, the client entrusts the attorney with the fiduciary duty of making certain strategic and tactical decisions about the case, decisions for which the client is accountable even when made without express authorization or approval -- and, needless to say, even when they are bad decisions. [2] Decisions to concede certain parts of a case in order to focus on others, or not to pursue every possible claim cognizable under the law, are examples of strategic or tactical choices well within the scope of the attorney's authority, decisions that bind the client. *See Haynes v. Cain, 298 F.3d 375, 381 (5th Cir. 2002)*. By contrast, the kinds of attorney misconduct justifying relief under *Rule 60(b)(6)* indicate a complete failure of an attorney to provide any meaningful representation at all -- in essence, a collapse of the attorney-client relationship altogether. *See Boughner, 572 F.2d at 978; L. P. Steuart, 329 F.2d at 235.* [**14] The court believes that, in order to warrant relief under the "manifest injustice" provision of *Rule 59(e)*, attorney misconduct must be of a similar magnitude.

> 2  The attorney-client relationship is widely recognized as an agency relationship: the client is the principal and the attorney is her agent. *See Link v. Wabash R.R. Co., 370 U.S. 626, 634, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Baldayaque v. United States, 338 F.3d 145, 154 (2d Cir. 2003)*(Jacobs, J., concurring); Restatement 2d Agency § 14 cmt. b (1958); DeMott, *The Lawyer As Agent, 67 Fordham L. Rev. 301 (1998)*; Note, *The Agency Theory of the Attorney-Client Relationship, 1988 Duke L.J. 733.* Liability for agents' actions undertaken within the scope of their agency is imputed to the principal, as opposed to actions undertaken outside the scope of the agency or once the agency relationship no longer exists.

Accordingly, the court finds that relief is not warranted on Jacobs's motion [**15] with respect to the claims she abandoned in her brief opposing the defendants' motions for summary judgment. These were decisions regarding litigation strategy, and the consequences of any error made by Jacobs's attorney in abandoning those claims must be borne by Jacobs herself.

**2. The Merits of Jacobs's Title VII Claim Against EDS**

With respect to Jacobs's failure to respond to EDS's request for admissions, however, the court recognizes that Jacobs's attorney was not making a strategic or tactical decision on behalf of his client. In fact, it is fairly obvious that Jacobs's attorney made no decision at all -- he simply did not respond to the requests for admission, nor did he move to withdraw the admissions once they were deemed admitted by an order of the magistrate judge. *See Fed. R. Civ. P. 36(b)*. This failure to meet deadlines and file motions might fall within the excusable neglect category of *Rule 60(b)(1)*, or, since it could reflect a complete lack of lawyering altogether, [*602] it might fall within the provisions for attorney misconduct recognized under *Rules 59(e)* and *60(b)(6)*.

In this case, however, the court declines to exercise [**16] its discretion to set aside the judgment against Jacobs for another reason: even should the case proceed with her admissions withdrawn, it appears unlikely that she will prevail.

Under *Rule 59(e)*, "amendment of the judgment will be denied if it would serve no useful purpose." 11 Wright, Miller & Kane, *supra,* § 2810.1 at 128; *see Taylor v. First North Am. Nat'l Bank, 331 F. Supp.2d 1354, 1355 (M.D. Ala. 2004)*(Thompson, J.). And, under *Rule 60(b)*, a "precondition of relief . . . is that the movant show that he or she has a meritorious claim or defense." 12 *Moore, supra,* § 60.24. Jacobs obviously does not have to prove her case in the motion to vacate, but it is within the court's discretion to consider whether there is a realistic possibility that she will prevail.

Because the court is unwilling to revisit the claims Jacobs abandoned, and because her assault-and-battery claim was dismissed without prejudice, the real question is whether her Title VII claim against EDS is meritorious. In her motion to vacate, Jacobs notes that EDS investigated Jacobs's allegation of harassment by Williams and found that her allegation was substantiated. [**17] Therefore, Jacobs argues, EDS has admitted that her sexual harassment claim has merit.

Unfortunately for Jacobs, these facts are not enough to establish a case of sexual harassment under Title VII. "To prove sexual harassment under Title VII, a plaintiff must show (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists." *Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 (11th Cir. 2004)*. If the court were to consider the evidence presented at the summary-judgment stage of the case and assume that Jacobs's admissions were with-

drawn, Jacobs would still fall short in establishing the fifth element, that a basis for holding EDS liable for Williams's conduct exists.

In a Title VII suit based on co-worker harassment, "the employer will be held directly liable if it knew or should have known of the alleged sexual harassment but failed to take prompt remedial [**18] action." *Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir. 2002).* Here, the evidence reflects that EDS promptly investigated Williams but was able to substantiate Jacobs's allegation only to the extent that he admitted to having 'hugged' her. There were no other complaints against Williams. EDS took corrective action by reprimanding Williams for the 'hugging' and requiring him to take an online sexual harassment course. Based on the evidence, it appears that EDS took prompt remedial action once it received Jacobs's complaint. The question, of course, is not whether the remedial action was adequate in light of what Jacobs contends actually happened to her in the elevator, but whether EDS's overall response -- the investigation plus its discipline of Wil-

liams based on the investigation's results-was adequate in light of Jacobs's complaint. The evidence reflects that it most arguably was.

Although the court is not prepared to re-litigate Jacobs's summary-judgment motion within her motion to vacate, the court is confident that denying her motion to vacate with respect to her Title VII claim against EDS will not work a manifest injustice. Even if Jacobs [**19] received such woefully inadequate legal representation that the court would consider a motion to vacate on that basis, the court declines to exercise its discretion to do so here because Jacobs's case, on the merits, is so weak.

* * *

Accordingly, it is **ORDERED** that defendant Adwowa Jacobs's motion to vacate (doc. no. 58) is denied.

**DONE,** this the 22nd day of January, 2007.

/s/ Myron H. Thompson

UNITED STATES DISTRICT JUDGE

LEXSEE 2007 U.S. DIST. LEXIS 42708

**CAROL-LYNN FETTERHOFF, Plaintiff, v. LIBERTY LIFE ASSURANCE COM-
PANY, and ST. PAUL INSURANCE COMPANY, Defendants.**

**CIVIL ACTION NO. 06-0278-CG-M**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
ALABAMA, SOUTHERN DIVISION**

*2007 U.S. Dist. LEXIS 42708*

**June 11, 2007, Decided
June 11, 2007, Filed**

**PRIOR HISTORY:** *Fetterhoff v. Liberty Life Assur.
Co., 2007 U.S. Dist. LEXIS 40201 (S.D. Ala., May 31,
2007)*

**COUNSEL:** [*1] Carol-lynn Fetterhoff, Plaintiff, Pro
se, Robertsdale, AL.

For Liberty Life Assurance Company, St. Paul Fire and
Marine Insurance Company, Defendants: Ashley B.
Abel, Robert M. Wood, LEAD ATTORNEYS, Jackson
Lewis LLP, Greenville, SC; P. Thomas Dazzio, Jr.,
LEAD ATTORNEY, Friedman, Leak, Dazzio, Zulanas
& Bowling, PC, Birmingham, AL.

For Liberty Life Assurance Company, Counter Claimant:
Ashley B. Abel, Robert M. Wood, LEAD ATTOR-
NEYS, Jackson Lewis LLP, Greenville, SC; P. Thomas
Dazzio, Jr., LEAD ATTORNEY, Friedman, Leak,
Dazzio, Zulanas & Bowling, PC, Birmingham, AL.

For Carol-lynn Fetterhoff, Counter Defendant, Pro se,
Robertsdale, AL.

**JUDGES:** Callie V. S. Granade, CHIEF UNITED
STATES DISTRICT JUDGE.

**OPINION BY:** Callie V. S. Granade

**OPINION**

*ORDER*

This matter is before the court on plaintiff's motion
to reconsider. (Doc 59) Because plaintiff has not shown
that the dismissal of her case constitutes clear error or
results in manifest injustice, her motion to reconsider is
due to be denied.

The decision whether to alter or amend a judgment
pursuant to *Rule 59(e)* is "committed to the sound discre-
tion of the district judge." *Mincey v. Head, 206 F.3d
1106, 1137 (11th Cir. 2000)* [*2] (quoting *American
Home Assurance Co. v. Glenn Estess & Assocs., 763
F.2d 1237, 1238-39 (11th Cir.1985)).* The standard of
review under *Rule 59(e)* was summarized by this court in
another case as follows:

> A motion to alter or amend a judgment
> must demonstrate why the court should
> reconsider its prior decision and "set forth
> facts or law of a strongly convincing na-
> ture to induce the court to reverse its prior
> decision." *Cover v. Wal-Mart Stores, Inc.,
> 148 F.R.D. 294 (M.D. Fla.1993).* Gener-
> ally, courts have recognized three grounds
> justifying reconsideration of an order: (1)
> an intervening change in controlling law;
> (2) the availability of new evidence; and
> (3) the need to correct clear error or mani-
> fest injustice. *Sussman v. Salem, Saxon &
> Nielsen, P.A., 153 F.R.D. 689, 694
> (M.D.Fla.1994); see also Kern-Tulare
> Water Dist. v. City of Bakersfield, 634
> F.Supp. 656, 665 (E.D.Cal.1986).* Recon-
> sideration of a previous order is an *ex-
> traordinary* remedy to be employed spar-
> ingly in the interests of finality and con-
> servation of scarce judicial resources.
> *Pennsylvania Ins. Guar. Ass'n v. Trabosh,
> 812 F.Supp. 522 (E.D.Pa.1992);* [*3]
> *Wendy's Int'l v. Nu-Cape Construction,
> 169 F.R.D. 680, 684- 85 (M.D.Fla.1996).*

2007 U.S. Dist. LEXIS 42708, *

*Sonnier v. Computer Programs & Sys., 168 F. Supp.2d 1322, 1336 (S.D. Ala. 2001)* (quoting *Alabama State Docks Dep't v. Compania Antares de Navegacion, 1998 U.S. Dist. LEXIS 13973, 1998 WL 1749263 (S.D.Ala.1998)*(emphasis in original)). In this case, plaintiff appears to allege only the third ground for *Rule 59(e)*, "the need to correct clear error or manifest injustice."

Plaintiff seeks reconsideration of the court's order and judgment dismissing the case as time-barred. She asserts that the delay was not her fault, but that of an attorney she had contacted regarding her claim. According to plaintiff, she gave her file to an attorney after receiving the denial of her long-term disability claim in January 2001. Although she sent letters and faxed over 50 requests for status on the case, apparently no case was filed until the attorney returned the file to plaintiff in February 2005. However, plaintiff voluntarily chose that attorney as her representative and therefore cannot escape any deficiencies of her case by claiming negligence in the acts or omissions of her [*4] attorney. *Link v. Wabash Railroad Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Barger, 348 F.3d 1289, 1295* ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." quoting *Link supra*); *Cavaliere v. Allstate Ins. Co., 996*

*F.2d 1111, 1115 (11th Cir. 1993)* ("This Court rejected that argument even though such a result 'appeared to penalize innocent clients for the forgetfulness of their attorneys.'" citations omitted). Thus, the court finds that the dismissal did not result in manifest injustice.

Plaintiff also generally restates the arguments she previously asserted in response to defendants' motion to dismiss. The court finds that the order of dismissal was not in error, much less "clear error." Plaintiff's claim is time-barred and was properly dismissed. [1]

> 1   The court also finds that the outcome would be the same if plaintiff's motion were analyzed under the stricter provision of *60(b)*, rather than *59(e)*. See *FED. R. CIV. P. 60(b)*.

## [*5] CONCLUSION

For the reasons stated above, defendants' motion to reconsider is **DENIED.**

**DONE and ORDERED** this 11<th> day of June, 2007.

/s/ Callie V. S. Granade

CHIEF UNITED STATES DISTRICT JUDGE

LEXSEE 2008 U.S. DIST. LEXIS 39630

**AUTO-OWNERS INSURANCE COMPANY, Plaintiff, -vs- SOUTHEAST FLOAT-
ING DOCKS, INC., and ALAN L. SIMPSON, Defendants.**

**Case No. 6:05-cv-334-Orl-31GJK**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLOR-
IDA, ORLANDO DIVISION**

*2008 U.S. Dist. LEXIS 39630*

**May 15, 2008, Decided
May 15, 2008, Filed**

**COUNSEL:** [*1] For Auto-Owners Insurance Company, Plaintiff: Robert E. Bonner, LEAD ATTORNEY, Meier, Bonner, Muszynski, O'Dell & Harvey, PA, Orlando, FL; Thomas E. Crafton, LEAD ATTORNEY, Alber Crafton, PSC, Louisville, KY.

For Southeast Floating Docks, Inc., Alan L. Simpson, Defendants: James Michael McCrae, LEAD ATTORNEY, Law Office of Jim McCrae, Lake Mary, FL; Richard A. DeTar, LEAD ATTORNEY, Miles & Stockbridge, PC, Easton, MD; Barbra R. Joyner, Law Office of Barbra R. Joyner, P.A., Orlando, FL.

For Steven B. Mathis, Movant: David H. Brodie, Mandel, Weisman, Heimberg, Brodie & Griffin, PA, Boca Raton, FL.

**JUDGES:** GREGORY A. PRESNELL, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** GREGORY A. PRESNELL

**OPINION**

**ORDER**

This matter comes before the Court on the Motion for Reconsideration (Doc. 280) filed by the Defendants. The Defendants seek reconsideration of this Court's order (Doc. 231) granting the motion for partial summary judgment as to liability filed by the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"). The Defendants filed a previous motion for reconsideration (Doc. 237) as to the same order.

**A. Standards**

The federal rules do not specifically provide for the filing of a "motion for reconsideration." *Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991),* [*2] *cert. denied, 506 U.S. 828, 113 S. Ct. 89, 121 L. Ed. 2d 51 (1992).* However, it is widely recognized that *Rule 59(e)* encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *U.S. v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003).* A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982).* [1] The decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).*

> 1  In *Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)* (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended [*3] a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers, 738 F.Supp.441, (D.Kan. 1990).* Generally speaking, the authorities recognize four basic grounds upon which a *Rule 59(e)* motion may be granted.

First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a *Rule 59(e)* motion may be justified by an intervening change in controlling law.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007).

Parties cannot use a *Rule 59(e)* motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)*, or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001)*. [*4] Where a party attempts to introduce previously unsubmitted evidence in support of a motion to reconsider, the party must make some showing that the evidence previously was unavailable. *Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997)* (citing, *inter alia, Engelhard Indus. v. Research Instrumental Corp., 324 F.2d 347, 352 (9th Cir. 1963), cert. denied, 377 U.S. 923, 84 S. Ct. 1220, 12 L. Ed. 2d 215 (1964))*. To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F.Supp. 198 (S.D.N.Y. 1996)*.

**II. Application**

Defendants' principal argument is that new evidence of the prior relationship between Alber Crafton -- one of the law firms that represented the Plaintiff in connection with this matter -- and American Safety Insurance Holdings, Inc. -- parent company of Rivermar Contracting Company, the party to which the Plaintiff made its bond payment -- is evidence of bad faith on the Plaintiff's part in making that payment. The Defendants offer no explanation as to why this evidence was previously unavailable, and therefore [*5] no basis exists for the Court to consider it. Moreover, while evidence of such a conflict might suggest that Alber Crafton fell short of its professional duty to Auto-Owners, it does not tend to suggest that Auto-Owners acted in bad faith. The additional evidence in the motion has either already been considered by the Court in the Defendants' two previous bites at this apple or, in the case of Auto-Owners' decisions to settle or drop some other claims, cannot reasonably be interpreted as suggesting that Auto-Owners acted in bad faith. Accordingly it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 280) is **DENIED**. [2]

2  In their first footnote (Doc. 280 at 2 n.1), the Defendants seem to suggest that their reply to Auto-Owners' most recent motion for partial summary judgment (Doc. 271) will incorporate the instant motion by reference. While Defendants are free to argue that the alleged conflict impacts the damages issue, they must do so in a standalone response that does not exceed the page limitations set by this Court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 15, 2008.

/s/ Gregory A. Presnell

**GREGORY A. PRESNELL**

**UNITED STATES DISTRICT JUDGE**