IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA QUINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:07cv314-WHA |
| | ) | (WO) |
| | ) | |
| DIALYSIS CLINIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Plaintiff's Motion to Alter, Amend or Vacate (Doc. #32), and the Defendant's brief in opposition to that motion.

In her motion, the Plaintiff asserts two bases for this court to alter or amend the previous Memorandum Opinion and Order and Final Judgment in this case:  that there are two adverse employment actions at issue, leave without pay and termination, and that she has now corrected her deficiency in citing to record evidence.

In her original response to the Motion for Summary Judgment, the Plaintiff stated that the Complaint in the case "does contain one cause of action for wrongful termination based on racial discrimination in violation of Title VII."  Plaintiff's Response to Motion for Summary Judgment at page 1.  Because Quinnie confirmed that she has only asserted one claim of discrimination, which was consistent with the Complaint, the court concluded that only one claim was asserted in this case, a claim for wrongful termination on the basis of race pursuant to Title VII.  *See* Doc. #30.  The deadline for amendment of the Complaint to assert a new claim has long passed, *see* Doc. #10, and to the extent that a claim based on being placed on leave without pay could be construed as having been asserted in the original Complaint, that claim was abandoned by the

Plaintiff in her response to the Motion for Summary Judgment. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 591 (11th Cir. 1995).

With respect to the evidence now cited by the Plaintiff, as this court pointed out in its previous Memorandum Opinion and Order, *see* Doc. #30, in the Order setting the briefing schedule on the Motion for Summary Judgment, this court ordered that the parties designate the relevant parts of documents to be considered by the court, that depositions be cited by page and line numbers, and that no parts of documents not so specifically designated would be considered by the court in ruling on the Motion for Summary Judgment. *See* Doc. # 23. The Plaintiff failed to designate evidence in opposition to the Motion for Summary Judgment. Her attempt to correct this deficiency by specific citation to her deposition at this late date would provide her an unfair "two bites at the apple," *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1992), and is not a proper basis for reconsidering this court's previous Memorandum Opinion and Order. "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.,* 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002), *aff'd*, 65 Fed. Appx. 743 (11th Cir. 2003) (unpublished), *cert. denied*, 540 U.S. 1073. Even if the court were to consider the Plaintiff's testimony, based on hearsay, that other white employees who asked to see their personnel files were not terminated , those employees are not similarly situated to the Plaintiff because there is no evidence that they, like the Plaintiff, refused to participate in an investigation of alleged misconduct without the presence of their attorney.

Accordingly, the Motion to Alter, Amend or Vacate is due to be and is hereby

ORDERED DENIED.

Done this 22nd day of May, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE